No. 18,137.

ROBERT F. ROWLEY, AS ADMINISTRATOR, ETC. *v.* ESTATE OF WILLIAM R. ROGERSON, ET AL.
(325 P. [2d] 926)

Decided May 26, 1958.

Mr. ARTHUR M. MORRIS, for planitiff in error.

Mr. EDWARD T. FISKE, Mr. ALBERT P. FISCHER, Mr. WARD H. FISCHER, for defendants in error.

*En Banc.*

MR. JUSTICE KNAUSS delivered the opinion of the Court.

THE parties to this action appear here in the same order they appeared in the trial court. We will refer to them as they appeared there, or by name.

Daisy Belle Rogerson, to whom we will refer as Daisy, and William R. Rogerson, to whom we refer as William, were husband and wife. Daisy died intestate September 29, 1947, leaving surviving as her sole and only heirs at law, her husband William, and children the issue of a prior marriage. William died intestate on June 29, 1953. Daisy's estate was duly closed and reopened for the purpose of instituting the present action.

Plaintiff's amended complaint sought recovery against defendants in the sum of $42,300, being the "estimated" value of certain livestock which the complaint alleged belonged to Daisy, and which "were wrongfully appropriated by William R. Rogerson during his lifetime." The basis of the claim sued upon appears to be that following the death of plaintiff's intestate William represented to plaintiff and members of the family of Daisy that he, William (husband of Daisy) owned the cattle which were on lands owned by Daisy; that plaintiff believed the representations so made. On or about May 1, 1954, certain records were discovered which plaintiff alleged disclosed that said representations were false, and made with the intention on the part of William to defraud the estate and heirs of Daisy.

Answering the complaint defendants denied the material allegations of the complaint and alleged that William was at all times the owner of said cattle; in addition defendants pleaded the six and three year statutes of limitations and laches on the part of plaintiff as a bar to the action.

Trial was to the court and resulted in findings in favor of defendants. From the judgment entered dismissing plaintiff's complaint he is here on writ of error.

The trial court found from competent evidence that the cattle in question were purchased by William both before and after the death of Daisy; that during the life-

time of Daisy these cattle, which had been registered in the name of William, were kept on lands owned by Daisy; "that for the years of 1946 and 1947 said cattle were listed on the tax schedule which described this property and was therefore listed under the name of Daisy Belle Rogerson." That in 1954 plaintiff discovered Exhibit "A," an application by Daisy to participate in the 1945 Agriculture Conservation Program. "However this application did not disclose the ownership of the cattle, and the testimony was of the effect that the cattle could have been owned by anyone." * * * "The plaintiff failed to show by even a preponderance of the evidence that William R. Rogerson was guilty of fraud, or that Daisy Belle Rogerson even at any time owned the registered Aberdeen Angus cattle in question." The trial court concluded plaintiff had failed to show that Daisy "was at any time of her death or at any time, the owner of" the cattle in question.

It was the function of the trial court to evaluate the evidence adduced in support of the complaint and the answer, and to determine the facts. This the learned trial judge did, resolving the issue as to the ownership of the cattle in favor of defendants. We deem it unnecessary to reiterate the rule so often announced, that where the facts are controverted this court will not disturb the findings if supported by competent evidence. We deem it unnecessary to consider the statutes of limitation urged as additional defenses in the light of the findings of the trial court. There is no competent evidence in the record concerning the number of cattle on the Rogerson property at the time Daisy died, nor is there evidence as to the value thereof.

The judgment of the trial court is affirmed.

Mr. Justice Moore not participating.